IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **COREY DELMAR SMITH, 36307-177,** ) | |
| **MOVANT,** ) | |
| v. ) | No. 3:09-CV-505-B |
| ) | 3:07-CR-135-B(04) |
| **UNITED STATES OF AMERICA,** ) | ECF |
| **RESPONDENT.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Movant filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On May 22, 2008, Movant pled guilty to bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 1342. Movant appealed his conviction. The Fifth Circuit Court of Appeals dismissed the appeal as frivolous. *United States v. Corey Delmar Smith*, No. 08-10518 & No. 08-10519 (5th Cir. 2008).

On February 27, 2009, Movant filed a petition to vacate or set aside his conviction and

sentence pursuant to 28 U.S.C. § 2255.  *See Smith v. United States*, No. 3:09-CV-422-B (N.D. Tex., Dallas Div.).  On March 5, 2009, the District Court denied the petition.

On March 11, 2009, Movant filed the instant petition to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255.  Movant argues he received ineffective assistance of counsel.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255.  This determination must be made by a three-judge panel of the court of appeals before Movant files his motion in district court.  28 U.S.C. §§ 2244 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion.  Movant must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255 be stricken as frivolous pursuant to 28 U.S.C. § 2255(h).

Signed this 26th day of March, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND

## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).